UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ERIC SWAIN JOHNSON,<br><br>                    Plaintiff,<br><br>      v.<br><br>HOWARD YORDY; RANDY VALLEY; DARRYL BLANCHARD; and CUSTODY DOES 1-10,<br><br>                    Defendants. | Case No. 1:21-cv-00262-BLW<br><br>**SUCCESSIVE REVIEW ORDER BY SCREENING JUDGE** |

Plaintiff Eric Swain Johnson is a prisoner proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983. The Court previously reviewed Plaintiff's Complaint pursuant to 28 U.S.C. §§ 1915 and 1915A, determined that it appeared barred by the statute of limitations, and allowed Plaintiff an opportunity to amend. *See Initial Review Order*, Dkt. 12. Plaintiff filed a Second Amended Complaint, which did not conform to the requirements of General Order 342. *See* Dkt. 16, 18.

Plaintiff has now filed a conforming Third Amended Complaint ("TAC"). *See* Dkt. 21. The Court retains its screening authority pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b).

Having reviewed the Third Amended Complaint, the Court concludes that Plaintiff has failed to remedy the deficiencies in his initial Complaint. Accordingly, the Court will

SUCCESSIVE REVIEW ORDER BY SCREENING JUDGE - 1

dismiss this case as untimely and, therefore, legally frivolous. *See* 28 U.S.C. §§ 1915 and 1915A.

**1.      Motions for Appointment of Counsel**

Plaintiff seeks appointment of counsel. *See* Dkts. 22, 23. Unlike criminal defendants, prisoners and indigents in civil actions have no constitutional right to counsel unless their physical liberty is at stake. *Lassiter v. Dep't of Social Services*, 452 U.S. 18, 25 (1981). Whether a court appoints counsel for indigent litigants is within the court's discretion. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

In civil cases, counsel should be appointed only in "exceptional circumstances." *Id*. To determine whether exceptional circumstances exist, the court should evaluate two factors: (1) the likelihood of success on the merits of the case, and (2) the ability of the plaintiff to articulate his claims pro se in light of the complexity of legal issues involved. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). Neither factor is dispositive, and both must be evaluated together. *Id*. Further, an attorney cannot be forced to represent an indigent litigant in a civil case—rather, the attorney can only be "appointed" if he or she voluntarily accepts the appointment. *See Mallard v. U.S. Dist. Court for S. Dist. of Iowa*, 490 U.S. 296, 298 (1989) (holding that the appointment of counsel provision in § 1915, formerly found in subsection (d), does not "authorize[] a federal court to require an unwilling attorney to represent an indigent litigant in a civil case"); *Veenstra v. Idaho State Bd. of Corr.*, Case No. 1:15-cv-00270-EJL (D. Idaho May 4, 2017) ("[The Court] does not have inherent authority to compel an attorney to represent Plaintiffs pro bono.").

The legal issues in this matter are not complex, and Plaintiff has been able to file documents with the Court and protect his interests to date. In addition, as explained below, the Third Amended Complaint is untimely; therefore, Plaintiff does not have a likelihood of success on the merits. Thus, the Court will deny Plaintiff's Motions for Appointment of Counsel.

## 2. Screening Requirement

As explained in the Initial Review Order, the Court must dismiss a prisoner or in forma pauperis complaint—or any portion thereof—that states a frivolous or malicious claim, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(d)(2) & 1915A(b). Time-barred claims are legally frivolous claims and are thus appropriate for dismissal upon screening. *Franklin v. Murphy*, 745 F.2d 1221, 1230 (9th Cir. 1984) (affirming dismissal of a time-barred complaint as frivolous); *Julian v. Crystal Springs Rehab. Ctr.*, 884 F.2d 1395, n.2 (9th Cir. 1989) (unpublished) ("We agree with the district court that an untimely complaint is frivolous and justifies *sua sponte* dismissal because a complete defense is obvious from the pleadings and the deficiency cannot be cured by amendment.").

## 3. Pleading Standard

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint fails to state a claim for relief under Rule 8 if the factual assertions in the complaint, taken as true, are insufficient for the reviewing court plausibly "to draw the reasonable inference that the

defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678

(2009). "[D]etailed factual allegations" are not required, but a plaintiff must offer "more

than ... unadorned, the-defendant-unlawfully-harmed-me accusation[s]." *Id.* (internal

quotation marks omitted). If the facts pleaded are "merely consistent with a defendant's

liability," or if there is an "obvious alternative explanation" that would not result in

liability, the complaint has not stated a claim for relief that is plausible on its face. *Id.* at

678, 682 (internal quotation marks omitted). Finally, if an affirmative defense, such as

untimeliness, is an "obvious bar to securing relief on the face of the complaint," dismissal

under §§ 1915 and 1915A is appropriate. *Washington v. Los Angeles Cty. Sheriff's Dep't*,

833 F.3d 1048, 1056 (9th Cir. 2016) (internal quotation marks omitted).

## 4.    Discussion

The Court previously explained why Plaintiff's claims appeared barred by Idaho's

two-year statute of limitations and will not repeat that analysis here. *See Init. Rev. Order*,

Dkt. 12. Plaintiff offers two justifications for his untimeliness.

First, Plaintiff alleges that the initial Complaint is actually timely because Plaintiff

first pursued his claims in state court. *TAC*, Dkt. 21, at 1–2. However, the statute of

limitations for § 1983 claims is not tolled while a plaintiff pursues those claims in state

court. If Plaintiff were proceeding in habeas corpus, a prior state court action could

support his tolling argument. But unlike the federal habeas corpus statute, the civil rights

statute, 42 U.S.C. § 1983, does not require plaintiffs to litigate their claims in state court

before seeking a federal civil rights remedy. Rather, the opposite is true: "Unless [the

federal] remedy is structured to require previous resort to state proceedings, so that the

SUCCESSIVE REVIEW ORDER BY SCREENING JUDGE - 4

claim may not even be maintained in federal court unless such resort be had, it cannot be assumed that Congress wishes to hold open the independent federal remedy during any period of time necessary to pursue alternative state-court remedies." *Bd. of Regents of Univ. of State of N.Y. v. Tomanio*, 446 U.S. 478, 490–91 (1980) (internal citation omitted). Thus, Plaintiff's previous state court action does not permit tolling of the statute of limitation.

Second, Plaintiff asserts that he has a traumatic brain injury, "the symptoms of which cause cognitive difficulties and worsening of [Plaintiff's] mental health symptoms such that [Plaintiff] has been unable to follow complicated proceedings." *TAC* at 2. Idaho permits tolling of a statute of limitations during a person's insanity, *see* Idaho Code § 5-230, but Plaintiff's allegations that he suffers from mental illness and cognitive defects do not establish that he is also insane. Although the Idaho statute does not define "insanity," that term generally requires that a person suffer from a "mental disorder severe enough that it prevents a person from having legal capacity and excuses the person from criminal or civil responsibility." *Black's Law Dictionary* (11th ed. 2019). The fact that Plaintiff was able to pursue his claims in state court shows that he did and does, in fact, have the mental capability and legal capacity to pursue his rights. Therefore, Plaintiff has not established that the statute of limitations should be tolled pursuant to state statute.

Plaintiff also has not established an applicable legal basis for being excused from untimeliness as an equitable matter. Equitable tolling is not available in Idaho. *Wilhelm v. Frampton*, 158 P.3d 310, 312 (Idaho 2007). Moreover, Plaintiff has not shown he is entitled to rely on the doctrine equitable estoppel, which prevents a defendant who has

falsely represented or concealed a material fact from relying on the statute of limitations to defeat a plaintiff's claims. *J.R. Simplot Co., v. Chemetics International, Inc.*, 887 P.2d 1039, 1041 (Idaho 1994). Therefore, Plaintiff's claims are untimely.

**ORDER**

**IT IS ORDERED:**

1.      Plaintiff's Motions for Counsel (Dkt. 22 and 23) are DENIED.

2.      Plaintiff's Motion to Amend Complaint and Motion to Review Amended Complaint (Dkt. 19 and 20) are GRANTED IN PART, to the extent that the Court has screened Plaintiff's Third Amended Complaint.

3.      The Third Amended Complaint is barred by the statute of limitations. Therefore, for the reasons stated in this Order and the Initial Review Order (Dkt. 12), this case is DISMISSED with prejudice as legally frivolous. *See* 28 U.S.C. §§ 1915(e)(2)(B)(i) & 1915A(b)(1).

4.      Because the Clerk of Court provided Plaintiff with a copy of the docket report for this case on November 1, 2021, Plaintiff's Motion Requesting Report or Docket of Activity (Dkt. 24) is MOOT.

DATED: November 4, 2021

B. Lynn Winmill
U.S. District Court Judge